IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CT-3230-D

| | | |
|---|---|---|
| TERRY LEWIS JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DANNY SAFRIT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On September 5, 2014, Terry Lewis Jones ("Jones" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Jones proceeds in forma pauperis [D.E. 2, 4]. The court now conducts frivolity review and dismisses the complaint.

Courts must review civil complaints in which prisoners seek relief from a governmental entity or officer and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotation omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more

than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

On June 2, 2004, Jones was convicted of sex offenses involving a child and sentenced to a term of 228 to 283 months' imprisonment. See N.C. Dep't of Pub. Safety, Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0497390&searchOffenderId=0497390&listurl=pagelistoffendersearchresults&listpage=1 (last visited May 15, 2015). In 2011, Jones's mother became gravely ill. Compl. [D.E. 1] 3. On December 9, 2011, Jones's mother died. Id. Jones applied to prison officials for an emergency leave for both a "pre-death visit" and in order to attend his mother's funeral, but his requests were denied. Id. 3–4. Jones supported his application for a funeral visit with a letter from the funeral home director in an attempt to resolve any security concerns, but "defendants woefully, wrongfully, and negligently denied the plaintiff's request." Id. 4. Jones asserts that defendants violated his "First, 6th, 8th, 14th Amendment" rights in denying the applications, and that "their negligence caused the plaintiff unusual and cruel punishment, anxiety, loss of enjoyment, depression and . . . mental and psychological illness to the plaintiff." Id. Jones seeks "punitive damages, nominative [sic] damages, compensatory damages and examplatory [sic] damages in the amount of $750,000." Id. 4–5.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983

2

plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

"[L]iberty interests which are protected by the Due Process Clause . . . will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal quotations omitted). Put simply, Jones has no constitutional right to a furlough to attend a funeral or visit a sick family member. See, e.g., Williams v. Johns, No. 2:12-CV-383, 2012 WL 5818307, at *2 (W.D. Mich. Nov. 15, 2012) (unpublished) (collecting cases); Sorenson v. Minn. Dep't of Corr., No. 12-1336 ADM/AJB, 2012 WL 3143927, at *2 (D. Minn. Aug. 2, 2012) (unpublished) (collecting cases); Griggs v. New Jersey, No. 11-2673 SRC, 2011 WL 3739375, at *4 (D.N.J. Aug. 24, 2011) (unpublished); Hipes v. Braxton, 878 F. Supp. 56, 57 (W.D. Va. 1995). Thus, Jones does not plausibly allege any constitutional violation.

In sum, the court DISMISSES the action as frivolous under 28 U.S.C. § 1915A. The clerk shall close the case.

SO ORDERED. This 19 day of May 2015.

JAMES C. DEVER III
Chief United States District Judge

3

Case 5:14-ct-03230-D   Document 6   Filed 05/19/15   Page 3 of 3